IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSCOE CHAMBERS, )
)
                  Petitioner, )
)
v. ) Case No. 24-3094-JWL
)
C. CARTER, Warden, FCI-Leavenworth, )
)
                  Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **dismisses** the petition.

Petitioner was originally convicted of federal drug crimes in 2013 in the United States District Court for the Southern District of Iowa, which court subsequently denied multiple motions under 28 U.S.C. § 2255. In 2021, that court granted petitioner compassionate release and imposed a period of supervised release; but on three separate occasions, the Iowa court has revoked petitioner's supervised release and imposed a term of imprisonment. After the latest revocation in September 2023, the Iowa court sentenced petitioner to a term of imprisonment of 24 months and an eight-year term of supervised release, which sentence the Eight Circuit affirmed. On February 8, 2024, the Iowa court denied motions by which petitioner sought the district judge's disqualification and

challenged the court's jurisdiction, and the Eight Circuit affirmed those decisions in April 2024. Petitioner is presently confined at the federal prison in Leavenworth, Kansas, within this judicial district.

Petitioner's litigation history also includes a habeas action under 28 U.S.C. § 2241 filed in this Court, by which petitioner challenged the legality of his sentence upon revocation of his supervised release. The Court dismissed the petition because petitioner was improperly challenging his sentence by petition under Section 2241 (in this Court) instead of by motion under Section 2255 (in his sentencing court), and he had not shown that his remedy under Section 2255 was "inadequate or ineffective;" and the Tenth Circuit subsequently affirmed that dismissal. *See Chambers v. United States*, 2022 WL 2527893 (D. Kan. July 7, 2022) (Lungstrum, J.), *aff'd*, 2022 WL 4127199 (10th Cir. Sept. 12, 2022) (unpub. op.).

In his present petition under Section 2241, petitioner indicates that he is challenging the validity of his conviction or sentence; states that he is challenging the Iowa court's revocation and sentencing judgment of September 2023; and demands release because he is illegally in prison, he did not escape (one of the violations serving as the basis for his latest revocation), the Iowa court lacked jurisdiction, and he is innocent. Petitioner lists four grounds for his petition: first, he challenges the escape finding; second, he challenges the Iowa court's jurisdiction; third, he asserts that the Iowa court used false evidence regarding a state court warrant (seemingly in his original trial proceedings); and fourth, the Iowa court used a false lab report to convict him. Thus, the petition makes clear that

petitioner is challenging his convictions and the latest revocation, and is not challenging the manner in which his federal sentence is being executed by prison officials.

As the Tenth Circuit explained in affirming this Court's dismissal of petitioner's prior habeas petition, a petition under Section 2241, which is filed in the district of confinement, typically attacks the execution of a sentence rather than its validity; while a Section 2255 motion, which must be filed in the district court that imposed the sentence, is generally the exclusive means for attacking the legality of detention. *See Chambers*, 2022 WL 4127199, at \*2 (quoting *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)). Section 2255 itself provides that an attack on the legality of a sentence may not be made by habeas petition unless the remedy under Section 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention," *see* 28 U.S.C. § 2255(e); but as the Tenth Circuit noted in petitioner's prior case, the petitioner bears the burden of establishing that the Section 2255 remedy is inadequate or ineffective, and "such circumstances are rare." *See Chambers*, 2022 WL 4127199, at \*2 (citing *Brace*, 634 F.3d at 1169).

Petitioner has not met that burden in this case. In his form habeas petition, petitioner states that his remedy under Section 2255 is inadequate or ineffective for the following reasons: "The District Court Judge fabricated evidence and the Appeals Court clerk is not sending my appeals in front of Appeal Court Judges." The petition is bereft of any detail to substantiate those claims, however, as petitioner has failed to identify any particular evidence that the district judge allegedly fabricated or any particular appeals properly filed that were not ruled by the Eighth Circuit. The petition does refer in other places to a "false lab report," but petitioner has not explained how any particular report was in fact false or

fabricated. Moreover, in its latest ruling denying the motion for disqualification, the Iowa sentencing court rejected as unsupported and untrue petitioner's claim of fabricating evidence relating a lab report, and the Eighth Circuit affirmed that ruling. Petitioner has not explained why he could not try to support that claim in the sentencing court and (if necessary) before the Eighth Circuit through the vehicle of a Section 2255 motion.

Thus, just as this Court and the Tenth Circuit ruled previously, petitioner may not challenge the validity of his sentence in this Court by habeas petition because he has not established that his remedy under Section 2255 (a motion in his sentencing court) is inadequate or ineffective, as required for application of the rare exception under Section 2255(e). Accordingly, the Court dismisses the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for a writ of habeas corpus is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 24th day of June, 2024, in Kansas City, Kansas.

                                                /s/ John W. Lungstrum
                                               Hon. John W. Lungstrum
                                               United States District Judge